[No. 5418. Decided February 23, 1905.]

CASCADE BOOM COMPANY, *Appellant,* v. McNEELEY
LOGGING COMPANY, *Respondent.*[1]

LOGS AND LOGGING—LIEN FOR BOOMAGE CHARGES—EVIDENCE OF
AGREEMENT FOR—SUFFICIENCY. Where a boom company's boom
was broken, and it was hung by a logging company, whose logs
were thereupon caught therein, findings that there was no request
or contract to catch and hold the logs and consequently no lien for
the boomage charges, are sustained where there was evidence that
the president of the boom company gave the manager of the
logging company permission to hang and use the boom without
charge, and the fact that the president was without authority so
to do is immaterial since there was no request or contract for
boomage services.

SAME—FAILURE OF LIEN—RENTAL VALUE OF BOOM USED—
PLEADING AND PROOF. In an action to foreclose a lien on logs
for boomage charges, where it appears that the boom company
performed no services, but its boom was hung and used by de-
fendant, there can be no recovery for the rental value of the
boom, upon plaintiff's failure to establish the lien, when there is
nothing in the complaint on which to base such claim, and no
evidence to show such rental value.

Appeal from a judgment of the superior court for King
county, Bell, J., entered March 1, 1904, upon findings in
favor of the defendant, after a trial on the merits before
the court without a jury, dismissing an action to foreclose
a lien on logs. Affirmed.

*Corliss & Paull,* for appellant.

*Charles O. Bates* and *John H. McDaniels,* for respond-
ent.

RUDKIN, J.—The plaintiff is a corporation, organized
to build booms and to catch logs and timber products there-
in, under the act of March 17, 1890, and has filed in the

[1]Reported in 79 Pac. 793.

office of the secretary of state a plat or survey, as required by § 2 of said act. The defendant is a corporation engaged in the logging business. In the spring of 1902, the plaintiff constructed a boom across the Snoqualmie river above the falls. This boom consisted of six or seven boom sticks, from sixty to eighty feet in length, which were coupled together with chains, and the ends of the boom sticks were fastened to trees on the banks of the river, to hold the boom in place. In the fall of the year 1902, this boom broke, and swung along the bank of the river, where it remained until the month of May, 1903. Some time in the latter month, the manager of the defendant corporation had a conversation with the president of the plaintiff corporation, and, as a result of that conversation, the defendant replaced the boom across the river, in which position it remained until the month of October, 1903. During that time the boom caught and held some five million feet of logs belonging to the defendant. A lien was filed against these logs by the plaintiff, for labor performed and assistance rendered in securing the same. This action was brought to foreclose this lien. The defendant had judgment below, and from such judgment the plaintiff appeals.

The case turns entirely upon questions of fact. The conversation between the president of the appellant corporation and the manager of the respondent corporation, in relation to the use of the boom, was rather indefinite, and there was a conflict in the testimony as to the language used. The witness Scott, president of the plaintiff corporation, testified in relation to this conversation as follows:

"Mr. Wilcox says, 'Frank,' he says, 'how about that boom?' I says, 'Do you want it hung?' 'Well,' he says, 'yes.' 'Well,' I says, 'go and hang it.' I says, 'I am pretty busy; you have got lots of time; you go and hang it if you want it.' He says, 'All right,' he would. About ten days, I think, after that, he hung it."

The witness Wilcox, manager of the defendant corporation, related the conversation as follows:

"I met Mr. Scott in Snoqualmie, and I asked him what he was going to do with his boom that year. He said he was not going to do anything with it. I asked him what he would charge me to let me swing the boom and catch our logs, and he hesitated, and he says, 'I won't charge you anything;' he says, 'If you want to swing it, go ahead and swing it.' He says, 'You can't hurt those boom sticks.' That was his very words. And I told him all right, I would take him up on it. And so it might have been a week or ten days, or such a matter, and I had the boom strung."

The latter witness was corroborated, in a measure, by the witness McNatt. This testimony utterly fails to show that the appellant caught and held the logs of the respondent at its request, as alleged in the complaint and lien notice, or as required by the statute. The utmost it tends to show is that the respondent took charge of and used the appellant's boom, and thus rendered itself liable for the reasonable rental value thereof. The appellant claimed in argument that it should be allowed a recovery for such rental value at least. There are several objections to such a recovery in this action. There is no basis for such recovery in the complaint. There is no testimony from which this court could determine such rental value, and no lien would attach to the logs to secure its payment. We do not desire to be understood as holding that there was in fact any liability for the rental value in this case, as that question is not properly before us.

The appellant questions the authority of its president to grant the use of its boom free of charge; but, assuming that the president had no such authority, it would not avail the appellant in this case. If the president had no authority to act for or bind the appellant, then there was no request, and no agreement, express or implied, and we

would simply have a case where the respondent took charge of and used the appellant's boom. For reasons already stated, there can be no recovery for such use in this case.

In any event, the judgment appealed from is right, and the same is affirmed.

MOUNT, C. J., HADLEY, FULLERTON, and DUNBAR, JJ., concur.

ROOT and CROW, JJ., took no part.